1

2

3

4

5

6

7

8 # UNITED STATES DISTRICT COURT

9 ### EASTERN DISTRICT OF CALIFORNIA

10

11 | | |
|---|---|
| ISRRAEL ESPINOZA, | **Case No.  1:14-cv-00872-JLT (PC)** |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT and DIRECTING PLAINTIFF TO FILE OPPOSITION OR STATEMENT OF NON-OPPOSITION THERETO** |
| v. | |
| DIAZ, | |
| Defendant. | **(Doc. 20)** |
| | **30-DAY DEADLINE** |

18        Plaintiff is proceeding against Defendant Diaz for excessive force in violation of the

19 Eighth Amendment.  On October 7, 2014, Defendant filed a motion to dismiss which was fully

20 briefed and submitted.  In support of Defendant's motion, he attached a document related to an

21 argument that this action is barred under *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  The

22 document and its application to Plaintiff's claims may only be considered under Federal Rule of

23 Civil Procedure[1] 56.  The Court converted Defendant's motion to a motion for summary

24 judgment.  (*See* Docs. 16-18.)  The Court issued an order on July 21, 2015 notifying Plaintiff of

25 his rights and requirements for opposing the motion pursuant to *Woods v. Carey*, Nos. 09-15548,

26 09-16113, 2012 WL 262 6912 (9th Cir. Jul. 6, 2012), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir.

27

---

28 [1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *."  Any reference to other statutory authorities shall so indicate.

2003), *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).  (Doc. 19.)

On August 17, 2015, Plaintiff filed a motion requesting the Court continue Defendant's motion for summary judgment to allow him to conduct discovery.  (Doc. 20.)  Defendant's time to file an opposition has yet to lapse, but there will not be prejudice by early issuance of this order since it denies Plaintiff's motion.  The Court construes Plaintiff's motion as one to defer consideration of Defendant's motion for summary judgment under rule 56(d).

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Fed. R. Civ. P. 56(d).  In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment.  *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); *Getz v. Boeing Co.*, 654 F.3d 852, 867-68 (9th Cir. 2011); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006).  Plaintiff has made no such showing.

Plaintiff indicates that he believes that Defendant has "a prior history of using excessive force and excessive use of O.C. pepper-spray" and that several 602 inmate appeals have been filed against Defendant for excessive use of force.  (Doc. 20, pp. 2-3.)  However, Plaintiff's bare desire to conduct discovery that he thinks may show that Defendant has engaged in acts of excessive force in the past does not entitle him to relief under Rule 56(d).  *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1013 n.29 (9th Cir. 2013) (evidence to be sought through discovery must be based on more than mere speculation).

Further, Defendant's motion seeks dismissal on three grounds:  (1) that Plaintiff has failed to allege sufficient facts to state a claim for excessive force under the Eighth Amendment; (2) that Plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994); and (3) that Defendant is

entitled to qualified immunity.  Whether Defendant has engaged in acts of excessive force about which other inmates have complained (which Plaintiff hopes to reveal in discovery) does not address Plaintiff's factual allegations regarding the incident at issue in this action; whether Plaintiff's claim is barred by *Heck*; or whether Defendant is entitled to qualified immunity.   All three of Defendant's arguments raise legal issues, rather than factual challenges, which formal discovery would not refute.  Plaintiff fails to make a showing to the contrary.  Therefore, the Court **DENIES** Plaintiff's motion without prejudice.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to continue/delay ruling on Defendant's motion for summary judgment, filed on August 17, 2015 (Doc. 20), is denied; and

2. Within **30 days** from the date of service of this order, Plaintiff must either:

   (1) file a Rule 56(d) motion which complies with the specific requirements identified in this order, or

   (2) file an opposition or a statement of non-opposition to Defendant's motion for summary judgment.

IT IS SO ORDERED.

Dated:   **August 20, 2015**                    **/s/ Jennifer L. Thurston**
                                                 UNITED STATES MAGISTRATE JUDGE