# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ISRRAEL ESPINOZA,** | Case No.  1:14-cv-00872-LJO-JLT (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| **A. DIAZ,** | **(Doc. 11)** |
| Defendant. | **OBJECTIONS DUE WITHIN 30 DAYS** |

Plaintiff claims that while attempting to begin a visit, Defendant harassed him and, ultimately, doused him with pepper spray.  Nevertheless, due to the incident, prison officials found Plaintiff guilty of a rules violation and assessed on him 30 days loss of credit.  Because Plaintiff has failed to demonstrate the "favorable termination" requirement imposed by *Heck v. Humphrey*, the Court recommends the motion for summary judgment be **GRANTED**.[1]

**I.      Procedural History**

In this action, Plaintiff claims Defendant used excessive force on him in violation of the Eighth Amendment.  On October 7, 2014, Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) which was fully briefed and submitted.  (Doc. 11.)  However, the Court's cursory review revealed that the motion raised issues regarding the application of *Heck v.*

---

[1] Because the Court decides this matter on the *Heck/Edwards* issue, it declines to consider the other issues raised in the motion.

1

1  *Humphrey*, 512 U.S. 477 (1994), *Edwards v. Balisok*, 520 U.S. 641, 643–647 (1997).  Because
2  the Court must consider these issues within the context of a Rule 56 motion, the Court directed
3  Defendant to advise whether he wished the motion converted to a motion for summary judgment
4  or whether he wished to withdraw the motion to dismiss.  (Doc.  16.)  Defendant responded and
5  requested the Court convert it to a motion for summary judgment.  (Doc. 17.)

6        In granting the request, the Court issued an amended second informational order advising
7  Plaintiff of the requirements to oppose a Rule 56 and allowed Plaintiff 30 days to file an
8  opposition. (Doc. 19.)  Almost a month later, Plaintiff requested a continuance of Defendant's
9  motion to conduct discovery.  The Court denied this request because it failed to meet the
10 requirements of Rule 56(d).  (Docs. 20, 21.)  However, the Court granted Plaintiff another 30
11 days to file an opposition.  (Doc. 21.)  Plaintiff has failed to file an opposition.  However, here the
12 Court considers Plaintiff's opposition to Defendant's motion to dismiss (Doc. 14) which addressed
13 the evidence and arguments at issue.

14 **II.     Plaintiff's Claims**

15       Plaintiff alleged that on April 28, 2013, while incarcerated at Kern Valley State Prison, he
16 was on his way to a visit. (Doc. 1, p. 3.)  Defendant, the visiting officer, told Plaintiff to take his
17 watch back to his cell; Plaintiff complied.  (*Id*.)  When Plaintiff returned to the visiting area, Diaz
18 asked if Plaintiff wanted to cancel his visit. (*Id*.) Plaintiff responded that he had taken his watch
19 back so why would Defendant want to cancel his visit.  (*Id*.)  Defendant responded, "Because I
20 can." (*Id.*)  Defendant then took out his can of O.C. pepper spray and sprayed Plaintiff in the
21 face, upper body, and back.  (*Id*., at pp. 3-4.)  Defendant then pushed his alarm and several other
22 officers responded.  (*Id*.)  The officers escorted Plaintiff back to Facility-C where they hosed him
23 off with water. (*Id*.)  The incident caused the prison officials to cancel all visits for other inmates,
24 which caused them to become angry with Plaintiff.   (*Id*.)  The Court found these allegations
25 sufficient to state a cognizable claim under the Eighth Amendment for the excessive use force.
26 (Doc. 5.)

27       Plaintiff attached the incident report related to the events at issue to his complaint.  In it,
28 Defendant claims that after Plaintiff returned to the visiting area, Defendant inquired whether

Plaintiff had left the watch in his cell; Plaintiff did not reply. (Doc. 11-1 at 13.) When Defendant asked again, he claims Plaintiff "clenched both of his fists and took an aggressive stance." (Doc. 1 at 15; Doc. 11-1 at 13)  Next, rather than "get down" as ordered, he "began walking towards Officer A. Diaz with his fists clenched." (*Id*.)  As a result, prison officials charged him with a rules violation—namely, "Behavior Which Might Lead to Violence." (*Id*.) After a hearing on the matter, the hearing officer found Plaintiff guilty of the offense and assessed him a loss of 30 days credit. (*Id*.)

## II.    Summary Judgment Standard

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.,* 818 F.2d 1422, 1436 (9th Cir. 1987).  The Court determines only whether there is a genuine issue for trial and in doing so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner. *Thomas v. Ponder*, 611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In addition, Rule 56 allows a court to grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim.  Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . .") (internal quotation marks and citation omitted).  The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same.  *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F.Supp.2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or

that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo County, Ariz.,* 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and, in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986)). If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp.,* 627 F.3d at 387 (citing *Celotex Corp.,* 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248; *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless Inc.,* 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), *cert. denied*, 132 S.Ct. 1566 (2012). Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

Further "[a] verified complaint may be treated as an affidavit to oppose summary judgment to the extent it is 'based on personal knowledge' and 'sets forth specific facts

admissible in evidence.'" *Keenan v. Hall*, 83 F.3d 1083, 1090 n. 1 (9th Cir. 1996) (quoting *McElyea v. Babbitt*, 833 F.2d 196, 197-98 n. 1 (9th Cir. 1987) (per curiam)), *amended by* 135 F.3d 1318 (9th Cir. 1998); *see also Jones v. Blanas*, 393 F.3d 918, 922-23 (9th Cir. 2004); *Lopez v. Smith*, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000) (en banc); *Schroeder v. MacDonald*, 55 F.3d 454, 460 (9th Cir. 1995); *Lew*, 754 F.2d at 1423. If Plaintiff states that the facts in the complaint are true under penalty of perjury, the pleading is "verified." *Schroeder*, 55 F.3d at 460 n. 10.

## IV. *Heck/Edwards* Bar

### A. Legal Standard

The United States Supreme Court has determined that an inmate may not bring an action under § 1983 if its success would release the claimant from confinement or shorten its duration, *Preiser v. Ridrugyez*, 411 U.S. 475, 500 (1973), or would necessarily imply the invalidity of the conviction or sentence, *Heck*, 512 U.S. at 487. Where the plaintiff's success on a § 1983 action would necessarily imply the invalidity of his underlying conviction or sentence, he must first "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck* at 487-88. This "favorable termination" requirement has been extended to actions under § 1983 that, if successful, would imply the invalidity of prison administrative decisions which result in a forfeiture of good-time credits. *Edwards,* 520 U.S. at 643–647.

However, these cases do not wholly prohibit an inmate from challenging actions related to prison disciplinary proceedings. The Ninth Circuit has explained,

> In *Heck*, the Supreme Court ruled that an inmate may not seek damages in a § 1983 claim when establishing the basis for the claim necessarily involves demonstrating that the conviction, sentence, or length of incarceration is invalid. 512 U.S. at 480-82, 114 S.Ct. 2364; *see also Edwards v. Balisok*, 520 U.S. 641, 643-47, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (extending *Heck* rule to § 1983 claims that, if successful, would imply the invalidity of deprivations of good-time credits provided for by prison disciplinary proceedings). But the Supreme Court has clarified that *Heck* does not bar a § 1983 claim that "threatens no consequence for [an inmate's] conviction or the duration of [his or her sentence.]" *Muhammad v. Close*, 540 U.S. 749, 751, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004). We have also held that application of *Heck* "turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement." *Ramirez v. Galaza*, 334

F.3d 850, 856 (9th Cir.2003).

*Wilkerson v. Wheeler*, 772 F.3d 834, 840 (9th Cir. 2014).  Further, "[a] prisoner who seeks damages only for being subjected to unconstitutional procedures, without implying the invalidity of (or seeking damages for) the resulting loss of good-time credits, may proceed under § 1983 without first invalidating his disciplinary proceeding." *Nonnette v. Small*, 316 F.3d 872, 875 n. 3 (9th Cir. 2002) citing *Heck*, 512 U.S. at 482-83 (discussing *Wolff v. McDonnell*, 418 U.S. 539, 553-54 (1974)); *Edwards*, 520 U.S. at 645-46).  Thus, an inmate may bring an action under § 1983 challenging a loss of good-time credits as a result of prison administrative or disciplinary procedures on a decision which has not previously been terminated in his favor, where a finding in his favor will neither impact the length of his confinement, nor implicate the validity of the challenged decision.

Subsequently, in *Ramirez*, the Ninth Circuit specifically considered the evolution of *Heck* and its implications and noted, "nothing in *Preiser*, *Heck*, or *Edwards* holds that prisoners challenging the conditions of their confinement are automatically barred from bringing suit under § 1983 without first obtaining a writ of habeas corpus. **Rather, the applicability of the favorable termination rule turns solely on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affected the length of the prisoner's confinement**." *Ramirez*, 334 F.3d at 856-58 (emphasis added).  Thus, for an inmate to proceed on a § 1983 action related to a disciplinary proceeding which resulted in a loss of credits, the relief sought by the civil action must be separable from the underlying disciplinary action.

**B. Analysis**

As stated above, Plaintiff's claims that on April 28, 2013, Defendant told him to return his personal watch to his cell before visiting.  After doing so, when Plaintiff returned, Defendant asked him if he wanted his visit cancelled and then Plaintiff claims Defendant doused him in pepper spray.

Defendant presents evidence that Plaintiff was found guilty of "Behavior Which Might Lead to Violence," which resulted in a loss of privileges and a forfeiture of 30 days of good time

1  credits. (Doc. 11-1, pp.12-14.) Defendant argues that Plaintiff's version of events that led up to
2  the issuance of the RVR and its finding against him are diametrically opposed to the version of
3  events adopted and found to be true during the prison rules violation hearing. (Doc. 11, 7:12-
4  8:9.)
5  Notably, the hearing officer observed that to be found guilty of "Behavior Which Might
6  Lead to Violence" requires a showing that the 'inmate displayed behavior that had the potential to
7  lead to violence or disorder, including mass disruptive conduct from inmates who observed the
8  violent or disorderly conduct displayed by the inmate." (Doc. 11-1 at 13) Given the hearing
9  officer's explicit finding that Plaintiff balled his fist and advanced at the officer, the hearing
10 officer found Plaintiff guilty of the offense. (*Id.*)
11 Plaintiff argues that he attached the incident report RVR to the Complaint merely to show
12 that Defendant filed a false incident report that was "just dripping with motivation to misrepresent
13 the true facts" and argues that the RVR should not be accepted as true "because it has the earmark
14 of untruthfulness." (Doc. 14, pp. 2-3.) However, Plaintiff admits that he has not challenged the
15 RVR findings. (*Id.*, pp. 3, 6-8.) Plaintiff argues that the guilty finding of the RVR is based on
16 different actions than those he relies on for his excessive force claim against Defendant. (*Id.*, at
17 p. 7.) Plaintiff also argues that this action is not barred by *Heck/Edwards* since he is not seeking
18 compensation for loss of the good time credits and only premises his claim on the acts of
19 excessive force which proceeded the RVR conviction. (*Id.*)
20 However, Plaintiff's excessive force claim is inextricably intertwined with the events that
21 led up to the issuance of the RVR under which he was found guilty and forfeited good time
22 credits.  Notably, the hearing officer specifically determined Plaintiff acted in such a way as to
23 lead to violence and, indeed, Defendant used force on him as a result. Thus, if Plaintiff's version
24 of the events is accepted and he succeeds in this § 1983 action, the disciplinary decision—and,
25 hence, the loss of credit—would be impugned.  The Court disagrees that Plaintiff's claim is
26 separable from the underlying disciplinary action.  Therefore, to pursue this claim, Plaintiff was
27 required to satisfy the favorable termination requirement. His failure to do so bars the action.
28 ///

**VII. <u>Conclusions and Recommendations</u>**

As set forth herein, this Court finds that Defendants have met their burden and their motion for summary judgment should be granted.

Accordingly, the Court **RECOMMENDS**:

(1) that Defendant A Diaz is entitled to judgment as a matter of law such that his Motion to Dismiss, filed on October 7, 2014 (Doc. 11), which was converted to a Motion for Summary Judgment on July 21, 2015 (Doc. 21), should be **GRANTED**; and

(2) that the Clerk of the Court be directed to enter judgment against Plaintiff and for Defendant A. Diaz, and that this action be closed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 25, 2015**                    **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE