# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISRRAEL ESPINOZA,<br><br>    Plaintiff,<br><br>    v.<br><br>A. DIAZ,<br><br>    Defendant. | **Case No. 1:14-cv-00872-LJO-JLT (PC)**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO VACATE JUDGMENT DUE TO CLERICAL ERROR**<br><br>**(Doc. 29)**<br><br>**THIRTY DAY DEADLINE** |

## I. INTRODUCTION

Plaintiff, Isrrael Espinoza, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983 on June 9, 2016. (Doc. 1.) This action was closed on January 11, 2016 when Defendant's motion for summary judgment was granted. (Docs. 27, 28.) In February 4, 2016, Plaintiff filed a motion to vacate judgment. (Doc. 29.) Defendant filed an opposition on February 16, 2016 (Doc. 30) to which Plaintiff did not reply. The motion is deemed submitted. L.R. 230(*l*). Because clerical error occurred, Plaintiff's motion is GRANTED.

## II. DISCUSSION

The history that led up to dismissal of this action was less than idea. On October 7, 2014, Defendant filed a motion to dismiss which was converted to a motion for summary judgment since it raised the issue of whether this action is barred under *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994), which can only be considered under Federal Rule of Civil Procedure 56. (Doc.

18.) Plaintiff was given notice of the requirements to oppose a motion for summary judgment and, while his request to postpone/continue the motion for summary judgment was denied, he was granted an extension of time to September 20, 2015 to file his opposition. (Doc. 21.)

When no opposition was received, a Findings and Recommendation ("F&R") to grant Defendant's motion issued on September 29, 2015. (Doc. 22.) However, later that same day, Plaintiff's opposition was filed which reflected that Plaintiff gave it to prison staff for mailing to this Court on September 9, 2015 and so was timely under the prison mail-box rule. (Doc. 23, citing *Houston v. Lack*, 487 U.S. 266, 270 (1988).) Thus, on November 10, 2015, an order issued withdrawing the September 29, 2015 F&R to grant Defendant's motion and providing Defendant seven days to file a reply to Plaintiff's opposition. (Doc. 24.) On November 18, 2015, a new F&R to grant Defendant's motion for summary judgment issued. (Doc. 26.) No objections to it were received and, on January 11, 2016, an order adopting the F&R issued and judgment was entered. (Docs. 27, 28.)

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason justifying relief from the operation of judgment." Motions under Rule 60(b) "must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Relief under Rule 60 "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted) (addressing reconsideration under Rules 60(b)(1)-(5)). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." *Id.* (internal quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously,

"what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the [ ] court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff argues to vacate the judgment in this action arguing that his opposition was not considered, asserting that after the September 25, 2015 F&R was withdrawn, a new F&R never issued. This is incorrect. The new F&R, which considered Plaintiff's opposition, issued on November 18, 2015. However, the docket in this action does not reflect that the November 18, 2015 F&R was served by mail on Plaintiff and, from his motion, it is apparent that Plaintiff never received it. This equates to injury through circumstances beyond Plaintiff's control. *Harvest*, 531 F.3d at 749. Thus, it is proper to vacate the judgment which was entered in this action to allow Plaintiff time to file objections to the November 18, 2015 F&R.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 303, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds that, due to clerical error, Plaintiff was not served with a copy of the November 18, 2015 F&R to have opportunity to file objections.

### III.  ORDER

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to vacate judgment, filed on February 4, 2016, (Doc. 29), is GRANTED;
2. the order adopting the November 18, 2015 Findings and Recommendation, which issued on January 11, 2016 (Doc. 27), is WITHDRAWN;
3. the judgment which was entered on January 11, 2016 (Doc. 28) is VACATED;
4. the Clerk's Office is directed to serve a copy of the docket in this case as well as the

November 18, 2015 Findings and Recommendation (Doc. 26) on Plaintiff with this order;

5. Plaintiff has thirty days from the date of service of this order to file objections to the November 18, 2015 Findings and Recommendation; and

6. Plaintiff's failure to comply with this order will result in dismissal of this action and judgment for Defendant will be reinstated.

IT IS SO ORDERED.

Dated:   **June 16, 2016**                    /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE