1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

ISRRAEL ESPINOZA,

10
          Plaintiff,

11
   v.

12

DIAZ,

13
          Defendant.

14
15

**Case No.  1:14-cv-00872-LJO-JLT (PC)**

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**(Docs. 11, 26)**

**ORDER DIRECTING CASE CLOSURE BY COURT CLERK**

16
17
18
19
20

      Plaintiff, Isrrael Espinoza, is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983 which he filed on June 9, 2014.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21
22
23
24
25
26
27

      On November 18, 2015, the Magistrate Judge filed a Findings and Recommendations ("F&R") which was served on the parties and contained notice that objections to the Findings and Recommendations were to be filed within thirty days.   No objections were received so, on January 11, 2016, an order adopting the F&R issued and judgment was entered.  (Docs. 27, 28.)  Due to clerical error, the F&R was never mailed to Plaintiff so his motion to vacate judgment was granted.  (Docs. 29, 32.)  Plaintiff was thereafter granted time to file objections to the F&R with which he complied.  (Docs. 32, 33.)

/ / /

28

1

Plaintiff is proceeding on a claim of excessive force against Defendant based on allegations that while attempting to attend family visitation, Defendant harassed him and, ultimately, doused him with pepper spray.  Due to the incident, prison officials found Plaintiff guilty of a rules violation report ("RVR") and assessed on him 30 days loss of credit.  Because Plaintiff failed to demonstrate compliance with the "favorable termination" requirement imposed by *Heck v. Humphrey*, 512 U.S. 477 (1994), *Edwards v. Balisok*, 520 U.S. 641, 643–647 (1997), the Magistrate Judge recommended granting Defendant's motion for summary judgment.  (Doc. 26.)

In his objections, Plaintiff asserts that the events underlying the RVR and his claims of excessive force are two isolated factual contexts that took place in one continuous chain of events such that he need not obtain a favorable termination of the RVR on which he was found guilty before proceeding under § 1983.  (Doc. 33.)  Though Plaintiff cites cases with factually distinguishable scenarios, it is not the case here.  The factual circumstances upon which Plaintiff's excessive force claim is based also form the basis of the charges against him in the RVR.  Plaintiff's version of allegations differs with those in the RVR only in as much as Plaintiff alleges Defendant doused him with pepper-spray for no reason while the RVR indicates that Defendant used pepper-spray in response to Plaintiff taking an aggressive stance and refusing to follow an order.  Plaintiff must demonstrate that the underlying RVR has been terminated in his favor before he may proceed on his claims under § 1983.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed November 18, 2015 (Doc. 26), is adopted in full;

2. Defendant's Motion to Dismiss, filed on October 7, 2014 (Doc. 11), which was converted to a Motion for Summary Judgment on July 21, 2015 (Doc. 21), is granted; and

2

3.  The Clerk of the Court is directed to enter judgment against Plaintiff and in favor of Defendant A. Diaz, and close this case.

IT IS SO ORDERED.

Dated:   __September 15, 2016__         _____/s/ Lawrence J. O'Neill_____
                                        UNITED STATES CHIEF DISTRICT JUDGE

3